People v Singleton (2021 NY Slip Op 00096)





People v Singleton


2021 NY Slip Op 00096


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Ind No. 734/08 Appeal No. 12811 Case No. 2015-2424 

[*1]The People of the State of New York, Respondent,
v
Warren Singleton, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Jose David Rodriguez Gonzalez of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about September 17, 2014, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant does not dispute that his prior second-degree robbery subjected him to a 30-point assessment for having committed a violent felony as defined by statute. Instead, he argues that a downward departure is warranted because the conviction was based on only his being "aided by another" (Penal Law § 160.10[1]), and that the lack of actual violence involved is a mitigating factor not adequately accounted for in the risk assessment instrument. However, that type of robbery is inherently violent, because it necessarily involves "forcible stealing" (Penal Law § 160.00), and the participation of more than one robber poses "a threat of additional violence" (People v Dennis, 146 AD2d 708, 708 [2d Dept 1989], affd 75 NY2d 821 [1990]; see also People v Sanchez, 13 NY3d 554, 565 [2009]). In any event, this alleged mitigating factor, taken together with the other mitigating factors cited by defendant, are outweighed by several aggravating factors.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021